IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY ROBINSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  05-3188 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Larry Robinson, Jr.'s Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition), the Government's Response and Motion to Dismiss Larry J. Robinson, Jr.'s Petition for Relief pursuant to Title 28, United States Code, Section 2255 (d/e 6) (Government's Response and Motion to Dismiss), Petitioner's Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. Section 2255 Motion (d/e 8), and Petitioner's Motion to Supplement Brief (d/e 10).  For the reasons set forth below, Petitioner's Motion to Supplement Brief is allowed, but his Motion for Evidentiary Hearing is denied.  The Government's Motion to Dismiss is allowed, and

1

the Petition is dismissed.

On July 10, 2003, Robinson was indicted for distribution of five or more grams of a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1) and possession with intent to distribute a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2). On April 1, 2004, Robinson pleaded guilty pursuant to a plea agreement to both counts of the Indictment. The Court conducted Robinson's sentencing hearing on August 27, 2004. The Presentence Investigative Report (PSR) prepared by the U.S. Probation Office recommended that Robinson be held accountable for 30.6 grams of cocaine base. The PSR also recommended a two-level enhancement in offense level under U.S.S.G. § 2D1.1(b)(1) because Robinson possessed a .380 caliber semi-automatic pistol during the commission of the offense. Robinson did not object to the amount of drugs for which he was held accountable, and the Court found it to be the proper amount, noting that the calculation was supported by Robinson's admissions at his change of plea hearing.

With respect to the § 2D1.1(b)(1) enhancement, Robinson presented a document entitled "Acceptance of Sentencing Enhancement and Waiver of Jury to Determine Sentencing Enhancement" (Waiver) that was signed

by both Robinson and his attorney. See United States v. Robinson, 03-30058 (d/e 14).  In the Waiver, Robinson acknowledged the PSR's assessment of a two-level enhancement under § 2D1.1(b)(1) for possession of a firearm during the commission of the underlying offense. Id., ¶ 3. Robinson acknowledged that he had the right to a jury determination regarding the enhancement, and stated that he knowingly and voluntarily waived that right.[1]  Id., ¶¶ 4-5.  Finally, the Waiver states that Robinson "accepts responsibility for possessing the firearm during the commission of the underlying offense and accepts the enhancement for said conduct." Id., ¶ 6.  Given this admission, the Court deemed the § 2D1.1(b)(1) enhancement to be established.  Therefore, the Court found Robinson to have a total offense level of 27 and a criminal history category of III.  This resulted in a sentencing range under the United States Sentencing Guidelines of 78-97 months imprisonment. The Court sentenced Robinson to 78 months imprisonment.  Robinson did not appeal.

Robinson filed the instant Petition, challenging the § 2D1.1(b)(1)

---

[1] Robinson's sentencing hearing was held after the Seventh Circuit's July 9, 2004, opinion in United States v. Booker, but before the United States Supreme Court ruled on Booker.  See Booker, 543 U.S. 220 (2005); Booker, 375 F.3d 508 (7th Cir. 2004). In the July 9, 2004, opinion, the Court of Appeals held that the imposition of sentencing enhancements under the U.S.S.G. based on a judge's fact-finding violated a defendant's Sixth Amendment right to a jury trial.  Booker, 375 F.3d 508.

enhancement. On January 9, 2006, Robinson filed a Motion to Supplement his Petition, which the Court now allows. Robinson asserts: (1) the Government breached the Plea Agreement; (2) counsel was ineffective in failing to alert the Court to the Government's breach; (3) counsel was ineffective in failing to object to the § 2D1.1(b)(1) enhancement; and (4) counsel was ineffective in failing to object to the drug quantity calculation. The Government moves to dismiss the Petition, based on the fact that Robinson waived his right to bring a § 2255 petition. As set forth below, the Government's Motion to Dismiss is allowed.

The Court turns first to Robinson's claim that the Government breached the Plea Agreement. Robinson asserts that the Government breached its promise "not to bring any additional charges or enhancements" against him when it "permitted an acceptance of sentencing enhancement and waiver of jury to determine sentencing enhancement to be filed." Petition, p.5, 8. As an initial matter, the Court notes that, nowhere in the Plea Agreement does the Government agree not to seek sentencing enhancements in general or a § 2D1.1(b)(1) enhancement in particular. With respect to new charges, it is true that the Government agreed not to bring "additional criminal charges in the Central District of Illinois against

4

the defendant relating to or arising from the offenses charged in this indictment," absent inapplicable exceptions. Government's Response and Motion to Dismiss, Ex. 1, Plea Agreement, ¶ 18. A sentencing enhancement, however, is not tantamount to new charges against the defendant. Moreover, the Plea Agreement clearly states that Robinson was aware that the Court was required to consider applicable sentencing guidelines and that, at the time of sentencing, the Court would not be bound by any recommendation made by any party. Id., ¶¶ 21, 24. Robinson fails to show that the Government breached the Plea Agreement.

In the Plea Agreement, Robinson expressly waived his right to collaterally attack his conviction or sentence. A waiver of the right to file a collateral attack, including a § 2255 petition, is enforceable as long as: (1) the waiver was knowing and voluntary and (2) the petitioner cannot establish a claim of ineffective assistance of counsel in connection with the negotiation of the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Robinson does not address the waiver issue, and he does not assert that either of these exceptions apply to his case. Additionally, the Court sees no basis in the record that would support a finding that either exception applies. Therefore, the Government's Motion

to Dismiss is allowed, and the Petition is dismissed on the basis of waiver alone.

Even if the Court were to consider Robinson's arguments, they lack merit. As set forth above, Robinson's claim that the Government breached the Plea Agreement fails. Robinson's remaining claims relate to the alleged ineffectiveness of his attorney. To succeed on an ineffective assistance of counsel claim, Robinson must show both: (1) that his counsel's representation was objectively deficient; and (2) that the deficient performance was prejudicial to the outcome. Strickland v. Washington, 466 U.S. 668 (1984). The absence of either prong defeats an ineffective assistance claim. Id. at 689; Lowery v. Anderson, 225 F.3d 833, 843 (7th Cir. 2000). Robinson bears the burden of proving counsel ineffective, and there is a strong presumption for finding otherwise. United States v. Banks, 405 F.3d 559, 568 (7th Cir. 2005). The Court will reverse only when it is shown with a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Lowery, 225 F.3d at 843.

Robinson asserts that his counsel was ineffective in: (1) failing to alert the Court to the Government's breach of the Plea Agreement; (2) failing to object to the § 2D1.1(b)(1) enhancement; and (3) failing to object to the

drug quantity calculation. The first ineffective assistance claim clearly fails. There is no evidence to support a finding that the Government breached the Plea Agreement. Counsel was not objectively deficient in failing to point out a non-existent breach, and Robinson fails to demonstrate any prejudice relating to this claim.

Robinson next contends that counsel was ineffective in failing to object to the § 2D1.1(b)(1) enhancement. Robinson, however, fails to show that this conduct was objectively unreasonable. Significantly, Robinson does not challenge the facts underlying the § 2D1.1(b)(1) enhancement. As set forth in the PSR, a .380 caliber semi-automatic pistol was found in Robinson's house. Robinson stated that the firearm belonged to his girlfriend, that he kept the gun for their protection, and that his fingerprints would be on the weapon. It is not objectively unreasonable for trial counsel to fail to raise an argument that is likely to fail. Rodriguez v. United States, 286 F.3d 972, 985 (7th Cir. 2002). Moreover, given the evidence, it was not objectively unreasonable for counsel to agree to the enhancement, especially in light of the fact that a defendant who falsely denies, or frivolously contests, relevant conduct that the Court determines to be true, risks losing credit for acceptance of responsibility under U.S.S.G. § 3E1.1. See U.S.S.G.

§ 3E1.1, comment, (n. 1). Robinson's claim of error fails.

Robinson's claim relating to the drug quantity calculation is similarly unavailing. As the Court pointed out at sentencing, the only amounts for which the Court held Robinson accountable were amounts that he admitted in his change of plea. Robinson admitted selling 26.6 grams of a mixture containing both cocaine base and cocaine hydrochloride in a controlled buy. Robinson also admitted that D.E.A. agents found an additional 4 grams of a substance containing cocaine base in a subsequent search of his house. Robinson argues that counsel should have objected to the drug quantity calculation because it did not employ the drug equivalency table despite the fact that two different drugs were involved. However, the Guidelines make clear that "[i]f a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level." U.S.S.G. § 2D1.1(c), Notes to Drug Quantity Table, note A. Thus, the Court correctly held Robinson accountable for 26.6 grams of cocaine base based on the mixture involved in the controlled buy. This amount alone was sufficient to place Robinson in a base offense level of 28. See U.S.S.G. § 2D1.1(c)(6) (assigning a base offense level of 28 for offenses involving at least 20 but less

than 35 grams of cocaine base).  Counsel was not objectively deficient in failing to object to the drug quantity calculation, and Robinson cannot demonstrate any prejudice related to the failure to object.

Robinson asks the Court to hold an evidentiary hearing on his Petition.  Robinson, however, fails to meet the threshold for securing an evidentiary hearing because he fails to allege any facts which, if proven, would entitle him to habeas corpus relief.  See Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).  Robinson's Motion for Evidentiary Hearing is denied.

THEREFORE, as set forth above, Petitioner's Motion to Supplement Brief (d/e 10) is ALLOWED, and his Motion for Evidentiary Hearing on Petitioner's 28 U.S.C. Section 2255 Motion (d/e 8) is DENIED.  The Government's Response and Motion to Dismiss Larry J. Robinson, Jr.'s Petition for Relief pursuant to Title 28, United States Code, Section 2255 (d/e 6) is ALLOWED, and Petitioner Larry Robinson, Jr.'s Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) is DISMISSED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   January 23, 2006.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE