IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY ROBINSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3188 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Larry Robinson has filed a Request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) (d/e 15). For the reasons set forth below, Robinson's request is denied.

On July 10, 2003, Robinson was indicted in this Court, case number 03-30058, for distribution of five or more grams of a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1) and possession with intent to distribute a controlled substance, cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2). On April 1, 2004, Robinson pleaded guilty pursuant to a plea agreement to both counts of the Indictment. Robinson was sentenced on August 27, 2004. The Presentence

1

Investigative Report (PSR) prepared by the U.S. Probation Office recommended that Robinson be held accountable for 30.6 grams of cocaine base. The PSR also recommended a two-level enhancement in offense level under U.S.S.G. § 2D1.1(b)(1) because Robinson possessed a .380 caliber semi-automatic pistol during the commission of the offense. Robinson did not object to the amount of drugs for which he was held accountable, and the Court found it to be the proper amount, noting that the calculation was supported by Robinson's admissions at his change of plea hearing.

With respect to the § 2D1.1(b)(1) enhancement, Robinson presented a document entitled "Acceptance of Sentencing Enhancement and Waiver of Jury to Determine Sentencing Enhancement" (Jury Waiver) that was signed by both Robinson and his attorney. See <u>United States v. Robinson, 03-30058 (d/e 14)</u>. In the Jury Waiver, Robinson acknowledged the PSR's assessment of a two-level enhancement under § 2D1.1(b)(1) for possession of a firearm during the commission of the underlying offense. <u>Id</u>., ¶ 3. Robinson acknowledged that he had the right to a jury determination regarding the enhancement, and stated that he knowingly and voluntarily

waived that right.[1]  Id., ¶¶ 4-5.  Finally, the Waiver states that Robinson "accepts responsibility for possessing the firearm during the commission of the underlying offense and accepts the enhancement for said conduct."  Id., ¶ 6.  Given this admission, the Court deemed the § 2D1.1(b)(1) enhancement to be established.  Therefore, the Court found Robinson to have a total offense level of 27 and a criminal history category of III.  This resulted in a sentencing range under the United States Sentencing Guidelines of 78-97 months imprisonment.  The Court sentenced Robinson to 78 months imprisonment.  Robinson did not appeal.

Robinson filed the instant habeas case on July 18, 2005.  Robinson asserted that: (1) the Government breached the Plea Agreement; (2) counsel was ineffective in failing to alert the Court to the Government's breach; (3) counsel was ineffective in failing to object to the § 2D1.1(b)(1) enhancement; and (4) counsel was ineffective in failing to object to the drug quantity calculation.  The Government moved to dismiss the Petition, based on the fact that, in the Plea Agreement, Robinson waived his right to bring

---

[1] Robinson's sentencing hearing was held after the Seventh Circuit's July 9, 2004, opinion in United States v. Booker, but before the United States Supreme Court ruled on Booker.  See Booker, 543 U.S. 220 (2005); Booker, 375 F.3d 508 (7th Cir. 2004).  In the July 9, 2004, opinion, the Court of Appeals held that the imposition of sentencing enhancements under the U.S.S.G. based on a judge's fact-finding violated a defendant's Sixth Amendment right to a jury trial.  Booker, 375 F.3d 508.

a § 2255 petition.

The Court held that Robinson failed to show that the Government breached the Plea Agreement. Additionally, the Court recognized that, as a part of his Plea Agreement, Robinson expressly waived his right to collaterally attack his conviction or sentence. Thus, the Court allowed the Government's Motion and dismissed Robinson's Petition on the basis of the waiver on January 23, 2006. Opinion, January 23, 2006 (d/e 11). The Court further noted that Robinson's remaining ineffective assistance of counsel claims would also fail if considered on their merits. Judgment was entered that same day.

Robinson seeks to appeal the denial of his Petition. Appellate proceedings on collateral review cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner files a notice of appeal, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2255 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a COA to

be granted, Robinson must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

Robinson seeks to raise his drug quantity argument before the Court of Appeals. However, as set forth in the Opinion dismissing Robinson's Petition, the Court dismissed Robinson's Petition based on the fact that he had waived his right to collaterally attack his conviction or sentence.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the present case, reasonable jurists would not debate the conclusion that the Government did not breach the Plea Agreement by seeking an

5

enhancement under § 2D1.1(b)(1).  Nowhere in the Plea Agreement does the Government agree not to seek sentencing enhancements in general or a § 2D1.1(b)(1) enhancement in particular.  The Government agreed not to bring "additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this indictment," absent inapplicable exceptions.  <u>Government's Response and Motion to Dismiss Larry J. Robinson, Jr.'s Petition for Relief pursuant to Title 28, United States Code, Section 2255 (d/e 6)</u>, Ex. 1, <u>Plea Agreement</u> (Plea Agreement), ¶ 18.  However, a sentencing enhancement is not tantamount to new charges against the Defendant.  Moreover, the Plea Agreement clearly states that Robinson was aware that the Court was required to consider applicable sentencing guidelines and that, at the time of sentencing, the Court would not be bound by any recommendation made by any party.  <u>Id</u>., ¶¶ 21, 24.  Thus, there is nothing in the record to support a finding of breach by the Government.

In the Plea Agreement, Robinson expressly recognized that he had the right to collaterally attack his conviction or sentence under 28 U.S.C. § 2255.  <u>Plea Agreement</u>, ¶ 11.  As a part of the Plea Agreement, Robinson agreed to "knowingly and voluntarily waive[] his right to collaterally attack

6

the conviction and/or sentence." Id. The Seventh Circuit has recognized that waivers of the right to file a collateral attack, including a § 2255 petition, are enforceable as long as: (1) the waiver was knowing and voluntary and (2) the petitioner cannot establish a claim of ineffective assistance of counsel in connection with the negotiation of the agreement. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Robinson did not address the collateral attack waiver in his prior submissions to the Court, nor does he address it in his request for a COA. There is no basis in the record that would support a finding that either exception applies in Robinson's case. Thus, a plain procedural bar exists, and reasonable jurists could not disagree. Robinson's request for a COA is, therefore, denied.

THEREFORE, Robinson's Request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) (d/e 15) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 20, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE